**Schiffman Law Office**, P.C.
HELPING THE INJURED AND DISABLED SINCE 1975

Lisa Counters, 016436
4506 N 12th Street
Phoenix, AZ 85014-4246
Voice: (602) 266-2667
Fax: (602) 266-0141
Lisa@Schiffmanlaw.com
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Leslie Marcus,<br><br>                              Plaintiff,<br>vs.<br><br>The Lincoln National Life Insurance<br>Company; Balfour Beatty Investments,<br>Inc. Long Term Disability Benefit Plan,<br><br>                              Defendants. | No. 2:24-cv-00228-ROS<br><br>**AMENDED COMPLAINT** |

For her claim against Defendants, Leslie Marcus ("Leslie") alleges as follows:

**JURISDICTION AND VENUE**

1.     Leslie is a resident of Maricopa County, Arizona.

2.     Defendant The Lincoln National Life Insurance Company f/k/a Lincoln Life Assurance Company of Boston ("Lincoln") is an insurance company incorporated in Indiana. Lincoln is authorized to do business in Maricopa County, Arizona.

3.     Defendant Balfour Beatty Investments, Inc. Long Term Disability Benefit Plan ("Plan") is a purported ERISA benefit plan established and maintained by Balfour Beatty Investments, Inc. ("Balfour Beatty") for the benefit of its employees. It provides long-term disability benefits ("LTD").

SCHIFFMAN LAW OFFICE, P.C.
4506 N. 12TH STREET
PHOENIX, AZ 85014 ♦ (602) 266-2667

4.      This Court has jurisdiction over the Plan under ERISA 29 U.S.C. § 1132, and because the Plan and Balfour Beatty have caused events to occur in Arizona, out of which Leslie's claims arise.

5.      This Court has jurisdiction over the subject matter of this action under ERISA, 29 U.S.C. § 1132(a), (e), 28 U.S.C. § 1331 (federal question), and 28 U.S.C. § 2201-02 (declaratory judgments).

6.      Defendants reside and are found within this District within the meaning of the jurisdiction and venue provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132 and 28 U.S.C. § 1391.

### GENERAL ALLEGATIONS

7.      Balfour Beatty provided certain employees with LTD benefits under the Plan.

8.      Beginning on January 1, 2016, Lincoln provided LTD benefits to Balfour Beatty employees through an insurance policy, No. GF3-890-464263-01 ("Policy"). The Policy renews annually on January 1.

9.      Balfour Beatty is the plan administrator and a plan fiduciary. (29 U.S.C. § 1102(a)(2) (fiduciary); 29 USC §1002(A)(16) (administrator)).

10.     Lincoln is the Claim Administrator and is a Plan Fiduciary.

11.     The Policy is the only document constituting the Plan's written instrument under 29 U.S.C. § 1102(a)(1).

12.     Lincoln pays any LTD claim and makes claim determinations under the Plan and Policy.

13.     Lincoln paid Leslie for 24 months of benefits through the entire own occupation period.

14.     The Policy defines Any Occupation as any occupation that Leslie is or becomes reasonably fitted for by training, education, experience, age, physical, and mental capacity.

15. The Policy contains discretionary language indicating that Lincoln grants itself discretion.

16. There is no evidence in the Policy that the Plan Administrator possesses discretion or the ability to delegate discretion. Even if Leslie or the Plan reserved discretion, there is no evidence that the Plan conferred discretion to Lincoln.

17. Without proper evidence of a grant of discretion from Balfour Beatty Investments, Inc. Long Term Disability Benefit Plan to Lincoln, this claim should be reviewed *de novo*.

**COUNT I**

**RECOVERY OF INSURANCE AND PLAN BENEFITS**

18. Leslie incorporates and realleges all previous allegations.

19. At all relevant times, Leslie was employed by Balfour Beatty, became a covered individual under the Plan and the Policy, and remained continuously employed until her disability rendered her unable to work in her regular occupation as a Regional Property Manager on April 13, 2019.

20. Leslie timely submitted a claim for LTD benefits.

21. Leslie claimed disability for Myalgic Encephalitis/Chronic Fatigue Syndrome, Postural Orthostatic Tachycardia Syndrome ("POTS") Autonomic Dysfunction, Chronic Nausea, and Gastroparesis.

22. Lincoln paid Leslie own occupation benefits from October 17, 2019, to October 16, 2021.

23. During this time, Lincoln concluded Leslie could not perform her light-duty job as a Regional Property Manager.

24. Leslie remains unable to perform the material duties of her occupation, or any occupation, including the following duties:

- Working a regular, 40-hour work week;

SCHIFFMAN LAW OFFICE, P.C.
4506 N. 12TH STREET
PHOENIX, AZ 85014 ♦ (602) 266-2667

- Regularly using her hands to manipulate tools, controls, phones, and computer keyboards;

- Frequently stand, reach with hands and arms, climb, balance, and stoop;

- Consistently sit and stand to perform work activities;

- Regularly lifting and moving office supplies up to 20 lbs;

- Traveling up to 60% throughout company properties; and

- Ongoing coordination, communication, and/or team problem-solving within functional areas of work production or service quality, as well as direct supervision over a regional management team.

25. Leslie is unable to perform the material duties of any occupation that she is or becomes reasonably fit for by training, education, experience, age, and physical and mental capacity.

26. The Policy requires Leslie to apply for and pursue Social Security Disability Benefits ("SSDI"). Lincoln advised Leslie of her obligation to do so. Leslie applied for SSDI benefits on March 31, 2020.

27. ALJ Kelly Walls denied Leslie's application for SSDI benefits on October 29, 2021.

28. The Social Security Administration ("SSA") defines disability as the "inability to perform any substantial gainful activity," which is the inability to perform significant physical or mental activities" and the inability to earn $1,500 (as of 1/1/2024) per month.

29. Lincoln closed Leslie's claim on October 16, 2019, indicating that benefits were not payable beyond October 16, 2021.

30. Leslie timely submitted her appeal on January 27, 2023.

31. Lincoln issued its final denial on November 3, 2023, and notified Leslie that Lincoln would be taking no further action.

32. Leslie provided proof of her debilitating medical conditions. In addition, Leslie provided Lincoln with numerous completed attending physician statements and

-4-

SCHIFFMAN LAW OFFICE, P.C.
4506 N. 12TH STREET
PHOENIX, AZ 85014 ♦ (602) 266-2667

extensive medical records that support her disability, dating back to 2018. Leslie became disabled on April 13, 2019, and remains unable to perform the Material duties of her Own Occupation or Any Occupation.

33.     Leslie contends that the discretionary language in the policy is invalid, and Leslie's claim should be reviewed *de novo*.

34.     If the Court determines the discretionary language is valid, Lincoln's inherent conflict of interest impacted its decision in this matter, and the Court should review Lincoln's decision with heightened skepticism.

35.     Leslie has satisfied the jurisdictional prerequisites to filing a claim in federal court and has exhausted any available administrative remedies.

36.     Lincoln's denial of Leslie's LTD benefits was arbitrary, capricious, an abuse of discretion, not supported by substantial evidence, and clearly erroneous. Evidence of Lincoln's conflict includes, but is not limited to:

a) Relying on the opinion of a non-treating physician who routinely provides Lincoln and other review companies and insurers with predictable opinions about a claimant's ability to perform the duties of any job.

b) Relying on a vocational analysis that relied only on the opinion of a non-treating physician that did not consider the limitations placed on Leslie by her treating physician and imposed by her neuropsychological evaluation.

c) Disregarding the cognitive and mental demands of the occupations that Lincoln alleges that Leslie can consistently perform.

d) Choosing to rely on the opinion of the one Lincoln internal medicine reviewer who concluded that Leslie could work rather than the opinion of the Lincoln internal medicine reviewer who concluded that she could not work, consistent with the opinions of Leslie's medical providers.

e) Misconstruing posts and photographs on Facebook to support the fallacy that Leslie can consistently perform the duties of any occupation.

SCHIFFMAN LAW OFFICE, P.C.
4506 N. 12TH STREET
PHOENIX, AZ 85014 ♦ (602) 266-2667

f) Concluding Leslie was able to work a 40-hour work week, given her restrictions and limitations, without considering whether she has the ability to perform any occupation reliably and consistently due to the abundant number of breaks required.

g) Cherry-picking evidence that supports the denial rather than giving equal weight to evidence that supports payment of the claim.

37. Leslie is entitled to 60% of her Monthly Predisability Earnings in the amount of $5,412.16 from October 17, 2019, until she reaches her Social Security Normal Retirement Age of 67.

38. Under the coverage provided in the Plan, to ERISA 29 U.S.C. § 1132(a)(1)(B), and applicable federal and state common law, Leslie is entitled to recover all benefits due under the terms of the Plan and to enforce her rights under the terms of the Plan.

39. Leslie is entitled to recover her attorneys' fees and costs incurred herein from the Plan and Lincoln under 29 U.S.C. § 1132(g).

40. Leslie is entitled to prejudgment interest at the highest legal rate on the benefits to which she is entitled according to A.R.S. § 20-462.

WHEREFORE, Leslie prays for entry of judgment against Defendants as follows:

A. For all past benefits due Leslie under the terms of the Plan;

B. For an award of Leslie's attorneys' fees and costs incurred herein;

C. For an award of prejudgment interest on Leslie's benefits and damages at the highest legal rate until paid and

D. For such other and further relief as the Court deems just and reasonable.

Dated this 1st day of March 2024.

SCHIFFMAN LAW OFFICE, P.C.

By: /s/ Lisa J. Counters
Lisa J. Counters

-6-