**Pro Hac Vice Admission** *pending*
Iwana Rademaekers (TX Bar No. 16452560)
**LAW OFFICES OF IWANA RADEMAEKERS, P.C.**
17304 Preston Road, Suite 800
Dallas, Texas 75254
Main:  (214) 579-9319
Fax:  (469) 444-6456
Email:  iwana@rademaekerslaw.com

*Attorney for Defendant The Lincoln*
*National Life Insurance Company*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Leslie Marcus,<br><br>        Plaintiff,<br>    vs.<br><br>The Lincoln National Life Insurance Company and Balfour Beatty Investments, Inc. Long-Term Disability Plan,<br><br>        Defendants. | Case No. 2:24-cv-00228-ROS<br><br>**DEFENDANT THE LINCOLN NATIONAL LIFE INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT** |

For its Answer to Plaintiff's Amended Complaint (the "Complaint"), Defendant The Lincoln National Life Insurance Company ("Lincoln" or "Defendant") admits, denies, and alleges as follows:

**JURISDICTION AND VENUE**

1.      Lincoln is without sufficient knowledge to either admit or deny Plaintiff's current residence, and accordingly, denies all allegations contained in Paragraph 1 of the Complaint.

1

2.      Lincoln admits that it is incorporated in Indiana and that it is authorized to do business in Maricopa County, Arizona.  Lincoln denies all remaining allegations contained in Paragraph 2 of the Complaint.

3.      Lincoln admits that Balfour Beatty Investments, Inc. ("Balfour") sponsored the Balfour Beatty Investments, Inc. Long-Term Disability Income Plan (the "LTD Plan") to provide disability benefits to certain employees of Balfour.  Lincoln admits that the LTD Plan is an employee welfare benefit plan within the meaning of 29 U.S.C. § 1002 and that Plaintiff's claims are governed by Section 502 of ERISA (29 U.S.C. § 1132(a)(1)(B)), but Lincoln denies that Plaintiff is entitled to any such relief. Lincoln denies all remaining allegations contained in Paragraph 3 of the Complaint.

4.      Lincoln admits that this Court has jurisdiction over this matter, but Lincoln denies that all events asserted in the Complaint occurred in Arizona.  Lincoln specifically denies, however, that the bringing of this action or the recitation of jurisdictional bases gives rise to any inference that Plaintiff is entitled to any remedy or relief against it. Lincoln denies all remaining allegations contained in Paragraph 4 of the Complaint.

5.      Lincoln admits that this Court has jurisdiction over this matter under ERISA.  Lincoln specifically denies, however, that the bringing of this action or the recitation of jurisdictional bases gives rise to any inference that Plaintiff is entitled to any remedy or relief against it.  Lincoln denies all remaining allegations contained in Paragraph 5 of the Complaint.

6.      Lincoln admits that this Court has jurisdiction over this matter and venue is correct in this Court.  Lincoln specifically denies, however, that the bringing of this action or the recitation of jurisdictional bases gives rise to any inference that Plaintiff is

entitled to any remedy or relief against it. Lincoln denies all remaining allegations contained in Paragraph 6 of the Complaint.

### **GENERAL ALLEGATIONS**

7. Lincoln admits that Balfour sponsored the LTD Plan to provide disability benefits to certain employees of Balfour. Lincoln denies all remaining allegations contained in Paragraph 7 of the Complaint.

8. Lincoln admits that it issued Group Disability Income Policy Number GF3-890-464263-01 (the "Policy") to Balfour, and that, at certain times, the Policy insured benefits from the LTD Plan under the terms of the Policy. Lincoln admits the effective date of the Policy was January 1, 2016. Lincoln denies all remaining allegations contained in Paragraph 8 of the Complaint.

9. Lincoln admits the allegations contained in Paragraph 9 of the Complaint.

10. Lincoln admits that it was, at certain times, the claim administrator for benefits paid from the LTD Plan under the Policy. Lincoln denies all remaining allegations contained in Paragraph 10 of the Complaint.

11. Lincoln denies all allegations contained in Paragraph 11 of the Complaint.

12. Lincoln admits that it issued the Policy to Balfour, and that, at certain times, the Policy insured benefits from the LTD Plan under the terms of the Policy. Lincoln admits that it was, at certain times, the claim administrator for benefits paid from the LTD Plan under the Policy. Lincoln denies all remaining allegations contained in Paragraph 12 of the Complaint.

13.    Lincoln admits that Plaintiff submitted a claim for, and at certain times received, long-term disability benefits from the LTD Plan.  Lincoln denies all remaining allegations contained in Paragraph 13 of the Complaint.

14.    Lincoln admits the Policy includes language pertaining to the definitions of "Disabled" or "Disability" and "Own Occupation" as applicable to a participant's claim for benefits from the LTD Plan under the Policy, and Lincoln refers to the Policy itself as the best evidence of its contents.  Lincoln denies all remaining allegations contained in Paragraph 14 of the Complaint.

15.    Lincoln admits that the Policy contains sufficient discretionary language to invoke the abuse of discretion standard of review.  Lincoln denies all remaining allegations contained in Paragraph 15 of the Complaint.

16.    Lincoln denies all allegations contained in Paragraph 16 of the Complaint.

17.    Lincoln denies all allegations contained in Paragraph 17 of the Complaint.

## COUNT I

## RECOVERY OF INSURANCE AND PLAN BENEFITS

18.    Lincoln repeats and realleges all of its answers to the allegations contained in Paragraphs 1 through 17 of the Complaint as though fully set forth in response to Paragraph 18 of the Complaint.

19.    Lincoln admits Plaintiff was, at certain times, employed by Balfour as a Regional Property Manager, and a participant in the LTD Plan.  Lincoln admits that Plaintiff's last day of work at Balfour was May 3, 2019.  Lincoln denies all remaining allegations contained in Paragraph 19 of the Complaint.

20. Lincoln admits that Plaintiff submitted a claim for, and at certain times received, long-term disability benefits from the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 20 of the Complaint.

21. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 21 of the Complaint.

22. Lincoln admits that Plaintiff submitted a claim for, and at certain times received, long-term disability benefits from the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 22 of the Complaint.

23. Lincoln admits that Plaintiff submitted a claim for, and at certain times received, long-term disability benefits from the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 23 of the Complaint.

24. Lincoln admits that certain documents concerning Plaintiff's job with Balfour and Plaintiff's own occupation are contained in the administrative record upon which Plaintiff's claim for benefits was determined, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 24 of the Complaint.

25. Lincoln denies all allegations contained in Paragraph 25 of the Complaint.

26. To the extent that the allegations contained in Paragraph 26 seek to interpret the Policy, Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln admits that certain documents referencing Plaintiff's claim for benefits from the

Social Security Administration are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 26 of the Complaint.

27. Lincoln admits that certain documents referencing Plaintiff's claim for benefits from the Social Security Administration are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 27 of the Complaint.

28. To the extent that Paragraph 28 contains legal conclusions, Lincoln Life is not required to answer. Lincoln Life denies all remaining allegations contained in Paragraph 28 of the Complaint.

29. Lincoln admits that it sent a letter to Plaintiff dated August 12, 2021, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 29 of the Complaint.

30. Lincoln admits that it received a letter from Plaintiff's Counsel dated January 27, 2023, along with additional documentation, appealing the denial of Plaintiff's claim for LTD benefits. Lincoln denies all remaining allegations contained in Paragraph 30 of the Complaint.

31. Lincoln admits that it sent a letter to Plaintiff's Counsel dated November 3, 2023, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 31 of the Complaint.

32. Lincoln admits that it received a letter from Plaintiff's Counsel dated January 27, 2023, along with additional documentation, appealing the denial of Plaintiff's claim for LTD benefits. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 32 of the Complaint.

33. Lincoln denies all allegations contained in Paragraph 33 of the Complaint.

34. Lincoln denies all allegations contained in Paragraph 34 of the Complaint.

35. Lincoln admits that this Court has jurisdiction over the claim raised by Plaintiff in the Complaint. Lincoln admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of long-term disability benefits from the LTD Plan under 29 U.S.C. § 1132(a)(1)(B). Lincoln specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process. Lincoln denies all remaining allegations contained in Paragraph 35 of the Complaint.

36. Lincoln denies all allegations contained in Paragraph 36 of the Complaint.

37.    Lincoln denies all allegations contained in Paragraph 37 of the Complaint.

38.    Lincoln denies all allegations contained in Paragraph 38 of the Complaint.

39.    Lincoln denies all allegations contained in Paragraph 39 of the Complaint.

40.    Lincoln denies all allegations contained in Paragraph 40 of the Complaint.

Lincoln denies all allegations contained in the WHEREFORE Paragraph of the Complaint and Paragraphs A-D thereunder and denies Plaintiff is entitled to the relief sought in the Prayer of the Complaint.

Lincoln denies all allegations contained in the Complaint not specifically admitted to herein.

## AFFIRMATIVE DEFENSES

1.    The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2.    The standard of review by the District Court in this case should be whether the decision to deny Plaintiff's claim for benefits from the LTD Plan under the Policy was an abuse of discretion because the Policy contain sufficient discretionary language to invoke that standard.

3.    Plaintiff's recovery of benefits, if any, from Lincoln is subject to an offset pursuant to the terms of the Policy and the documents governing the LTD Plan, which require offset and/or repayment of other income including earnings by Plaintiff or any award of other benefits, including any disability benefits Plaintiff or Plaintiff's dependents receive from the Social Security Administration.

4.      Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

5.      To the extent that Plaintiff seeks recovery from Lincoln other than past benefits from the LTD Plan or attorneys' fees, such recovery is not permitted under ERISA.

6.      Plaintiff's claims are barred to the extent the Complaint was not filed within the LTD Policy or statutory limitations period.

7.      Lincoln reserved the right to assert additional defenses.

## **PRAYER**

Lincoln requests that the Court enter judgment that Plaintiff recovers nothing by this action, that Lincoln be awarded its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g), and that Lincoln be awarded such other and further relief to which it may show itself entitled.

RESPECTFULLY SUBMITTED this 15th day of April 2024.

LAW OFFICES OF IWANA RADEMAEKERS, P.C.


By:      /s/ Iwana Rademaekers
         Iwana Rademaekers
         Attorneys for Defendant, The
         Lincoln National Life Insurance
         Company

9

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 15, 2024, I electronically transmitted this document to the Clerk's Office using the CM/ECF System for filing, and the electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means, as follows:

Lisa J. Counters
Lisa@Schiffmanlaw.com
Attorneys for Plaintiff

/s/ Sandy Acker
Employee of the Law Offices of
Iwana Rademaekers, P.C.