**Admitted Pro Hac Vice**
Iwana Rademaekers (TX Bar No. 16452560)
**LAW OFFICES OF IWANA RADEMAEKERS, P.C.**
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main:  (214) 579-9319
Fax:  (469) 444-6456
Email:  iwana@rademaekerslaw.com
Attorneys for Defendant Liberty
Life Assurance Company of Boston

Lisa Counters, 016436
SCHIFFMAN LAW OFFICE, P.C.
4506 N 12th Street
Phoenix, AZ 85014-4246
Voice: (602) 563-8007
Fax: (602) 266-0141
Lisa@SchiffmanLaw.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Leslie Marcus,<br><br>           Plaintiff,<br>     vs.<br><br>The Lincoln National Life Insurance Company,<br><br>           Defendant. | Case No.  2:24-cv-00228-ROS<br><br>**JOINT CASE MANAGEMENT REPORT** |

Pursuant to the Court's April 19, 2024, Order (Dkt. #17), the parties submit this Joint Case Management Report for the forthcoming Scheduling Conference on May 21, 2024 at 11:00 a.m.:

-1-

**1.     Parties Who Attended the Rule 26(f) Meeting and assisted in developing the Joint Proposed Case Management Report:**

Lisa J. Counters, counsel for Plaintiff, and Iwana Rademaekers, counsel for Defendant, The Lincoln National Life Insurance Company.

**2.     A list of the parties in the case, including any parent corporations or entities (for recusal purposes):**

Leslie Marcus, Plaintiff

The Lincoln National Life Insurance Company, Defendant

Lincoln National Corporation, parent corporation of The Lincoln National Life Insurance Company

**3.     A short statement of the nature of the case:**

**Plaintiff:**

Leslie Marcus will be 53 years old at the end of May 2024. She worked for Balfour Beatty as a Regional Property Manager. She last worked in on May 3, 2019. She filed a claim for long-term disability ("LTD") benefits with Lincoln Financial Group ("LFG") on September 10, 2019. Leslie had episodes of Atrial Fibrillation in late 2018. and had episodes. She also experienced multiple pulmonary emboli. As time passed, Leslie was diagnosed with Chronic Fatigue Syndrome/Myalgic Encephalopathy, Ehlers-Danlos syndrome, postural orthostatic tachycardia syndrome, automonic dysfunction, nausea and gastroparesis.

For the first 24 months Leslie was disabled, LFG's policy defined disability as the inability to do Leslie's own occupation. Thereafter, the policy defined disability as the inability "to perform, with reasonable continuity, the Material and Substantial Duties of Any Occupation." The policy defines any occupation as "any occupation that you are or become reasonably fitted by training, education, experience, age, physical and mental

capacity." LFG paid Leslie $5,412.16 per month beginning November 19, 2019 through October 16, 2021.

Lincoln denied Leslie's claim on August 12, 2021. In the denial letter, LFG claimed that Leslie could perform sedentary work and identified three occupations it concluded she could perform: Title Search Manager, Employment Manager, and Sales Manager. Leslie appealed LFG's decision and exhausted her administrative remedies. Leslie seeks her benefits under 29 U.S.C. § 1132(a)(1) and fees under 29 U.S.C. 21 1132(g).

**Defendant:**

Defendant denies that Plaintiff is entitled to any relief by this action. As Plaintiff's claim arises under ERISA, the Court must review it under the abuse of discretion standard, and the decisions reached with regard to Plaintiff's claim for benefits were not an abuse of discretion. Alternatively, any recovery by Plaintiff must be reduced by other income earned or other benefits received by Plaintiff, including benefits from the Social Security Administration.

**4.    Jurisdictional Basis for the Case**:

Jurisdiction of the Court is based upon ERISA and in particular, 29 U.S.C. §§1132(e)(1) and 1132(f).  Those provisions give the district court jurisdiction to hear civil actions brought to recover employee benefits.  In addition, this action may be brought before this Court pursuant to 28 U.S.C. §1331, which gives the Court jurisdiction over actions that arise under the laws of the United States.

**5.    Parties Not Served:**

None.

**6.    A statement of whether any party expects to add additional parties to the case or otherwise to amend pleadings:**

The parties do not anticipate adding parties or amending their pleadings.

**7.     A listing of contemplated motions and a statement of the issues to be decided by these motions:**

The parties suggest this matter can be resolved through cross briefing on the Administrative Record, in lieu of Rule 56 or Rule 52 motions. These briefs will encompass the applicable standard of judicial review and the overall propriety of the underlying claim decision. The parties suggest that filing a Statement of Facts in this matter may not be necessary and may not assist the Court, because the Court will have the Administrative Record and the briefs will refer to the Administrative Record.

The Parties agree that the only proper way to resolve an ERISA case is through Rule 52 motions since there are factual disputes that would require the Court to make findings of fact.

**8.     Whether the case is suitable for reference to a United States Magistrate Judge for a settlement conference or trial:**

The Parties will not consent to the referral of this case to a Magistrate Judge. The parties are in the process of trying to resolve this matter and will privately mediate the case if necessary.

**9.     The status of related cases pending before other courts or other judges of this Court:**

The parties are not aware of any other related cases pending before other courts or other Judges of this Court.

**10.    A discussion of any issues relating to preservation, disclosure, or discovery of electronically stored information, including the parties' preservation of electronically stored information and the form or forms in which it will be produced:**

Any otherwise discoverable electronically stored information generated as part of the claim process will be produced as part of the claim file, and disclosure or discovery of

any other information in the nature of ESI can be handled in accordance with the Federal Rules of Civil Procedure.

**11.    A discussion of any issues relating to claims of privilege or work product:**

The parties do not anticipate any issues regarding attorney-client privilege or work product protections.

**12.    A discussion of whether an order under Federal Rule of Evidence 502(d) is warranted in this case:**

Not at this time.

**13.    A discussion of necessary discovery:**

Rather than traditional disclosure statements, the parties propose that the Court adopt the following schedule for production and supplementation of the Administrative Record:

a) **The extent, nature, and location of discovery anticipated by the parties and why it is proportional to the needs of the case:**  Plaintiff anticipates conducting limited discovery on LFG's conflict of interest. The discovery sought is proportionate to the case as Ms. Marcus' total benefits are approximately $790,000 reduced to present value.

b) **Suggested changes to discovery limitations:**  The written discovery limits in this District will not need to be expanded.

c) **Depositions.** No deposition should be longer than 4 hours and a limit of 15 hours of deposition.

d) Defendants to produce the Administrative Record to Plaintiff:  Produced on **May 9, 2024**.

e) Plaintiff shall have until **July 9, 2024**, to provide the documents to Defendants she believes should be included in the Administrative Record, except documents related to conflict of interest.

f)  The parties shall produce the complete Administrative Record to the Court by **February 7, 2025**.  Any disputes over the contents of the Administrative Record should be addressed in the parties' briefs.

**14.    Proposed specific dates for each of the following:**

**a.**    Dates for full and complete expert disclosures under Federal Rule of Civil Procedure 26(a)(2)(A)-(C):  **None anticipated.**

**b.**    A deadline for completion of all expert depositions:  **None anticipated.**

**c.**    **Deadline for Conflict of Interest Discovery:**  September 27. 2024.

**d.**    A date by which the parties shall have engaged in face-to-face good faith settlement talks:  **February 21, 2025.**

**e.**    A deadline for filing dispositive motions:

Since this is an ERISA case, the parties will brief the case based on a stipulated Administrative Record.  The parties agree the Administrative Record should be filed under seal because it is voluminous and contains personal identifiers on a large percentage of the pages.  In addition, it contains Plaintiff's sensitive medical records.  The parties will file a motion to seal before filing the Administrative Record and the dispositive briefs.

Plaintiff's Opening brief, Defendants' Response brief, and Plaintiff's Reply brief:

| | |
|---|---|
| **Plaintiff's Opening Brief:** | **March 12, 2025** |
| **Defendants' Response Brief:** | **April 16, 2025** |
| **Plaintiff's Reply Brief:** | **May 14, 2025** |

**15.    Whether a jury trial has been requested:**

A jury trial has not been requested and the parties are not entitled to a trial by jury under ERISA.

**16.    Prospects for Settlement, including any request of the Court for assistance in settlement efforts:**

The parties agree to utilize a private mediator or request a magistrate to conduct a settlement conference.

**17.    Any other matters that will aid the Court and parties in resolving this case in a just, speedy, and inexpensive manner as required by Federal Rule of Civil Procedure:**

None at this time.

RESPECTFULLY SUBMITTED this 14the day of May 2024.


BY: */s/ Lisa J. Counters*                    BY: */s/Iwana Rademaekers*
    Lisa J. Counters                                Iwana Rademaekers
    Attorney for Plaintiff                          Attorney for Defendant